IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re Gregory Snyder : | |
| : | Chapter Thirteen |
| DEBTOR : | Case No. 5-07-bk-51365 RNO |
| In re Gregory Snyder : | |
| : | Adv. No. 5-07-ap-50139 RNO |
| Plaintiff, : | |
| v. : | **{Nature of Proceeding:** Summary |
| Deutsche Bank National Trust Co., as : | Judgment} |
| Trustee of Ameriquest Mortgage Securities : | |
| Inc, Series 2002-b, Asset Backed : | |
| Certificates, under the Pooling and Servicing: | |
| Agreement Dated As of June 1, 2002, : | |
| Without Recourse, : | |
| : | |
| Defendant : | |

# OPINION[1]

Presently pending before the Court is the Defendant's Motion for Summary Judgment seeking summary judgment on the Plaintiff's Complaint for violation of the automatic stay pursuant to 11 U.S.C. § 362(k)[2]. For the reasons stated herein, the Defendant's Motion is denied.

**Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157(B)(1)&(2)(a)(b). This is a core proceeding under 28 U.S.C. § 157(b).

---

[1] Drafted with the assistance of Kathryn F. Evans, Law Clerk.

[2] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

-1-

**Facts**

Defendant holds the first mortgage on Debtor's personal residence located at 4285 Conashaugh Lakes, Milford, Pennsylvania. The Debtor filed for chapter 13 bankruptcy on June 4, 2007; it was his second case pending within a one year time period.

The first case was filed on January 26, 2005; it was dismissed on January 30, 2007, by motion of the chapter 13 trustee. The Defendant/Mortgagee was an active participant in the first bankruptcy, seeking relief from stay; entering into a stipulation with the Debtor to cure arrearages; filing a Certificate of Default; and, ultimately having relief from stay granted in its favor on April 18, 2006. After relief was granted, the Debtor and Defendant entered into a forbearance agreement. When the Debtor ceased making payments under that agreement, a Writ of Execution was reissued listing the property for the Pike County Sheriff's Sale scheduled for July 18, 2007. Notice of that sale was served on the Debtor on May 24, 2007.

On June 4, 2007, Debtor filed his second chapter 13 petition. Having had a previous case dismissed within the preceding year, the Debtor also filed a Motion to Extend the Automatic Stay under § 362(c). The Certificate of Service attached to the Motion was dated June 8, 2007, and states it was served on the Defendant at the address of 505 South Main Street, Orange, CA 92828, an address copied from the Debtor's TransUnion credit report. (Debtor's Br. in Supp. of Pl.'s Resp. to Def.'s Mot. for Summ. J. Ex. F). The Defendant asserts that it does not maintain an address at 505 South Main Street in Orange, California, claiming its correct address is c/o Ameriquest Mortgage, 505 City Parkway West, Orange, CA 92868.

Debtor's counsel asserts his office sent a fax on June 4, 2007, to the Pike County Sheriff advising them that a bankruptcy had been filed on behalf of the Debtor. (Debtor's Compl.

Ex. B). Conversely, the Defendant argues that the fax was not sent in June but on July 31, 2007, after the sale had already taken place. In support of this, the Defendant proffers to the Court what appears to be an identical document to Debtor's Exhibit B, however, their copy is marked with a filed stamp dated July 31, 2007, 1:42 P.M.[3] Defendant also offers the sworn testimony of Dawn Fuller, Office Manager for the Pike County Sheriff, as evidence that the fax was not sent by Debtor's counsel until July 31, 2007. The Debtor argues this was not the original fax, but in fact, the result of a request from the Sheriff's Office to refax the June 4, 2007 document.

The Defendant asserts that once the Defendant was properly notified of the bankruptcy they took prompt action to have the July 18, 2007, Sheriff's Sale marked as stayed. However, the Plaintiff/Debtor has presented evidence to the Court that on August 8, 2007, the Debtor was personally served with a Complaint in Ejectment by the Pike County Sheriff on behalf of the Defendant. (See Debtor's Compl. Ex. D).

**Summary Judgment Standard**

Summary judgment is governed by Federal Rule of Civil Procedure 56(c), as incorporated by reference into Federal Rule of Bankruptcy Procedure 7056. Summary judgment is appropriate where two circumstances exist. First, there is no genuine issue of material fact to be resolved; and, second, the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Id.* at 323. When determining if there remains any genuine issue as to any material fact, the Court "must view the facts in the light most favorable to the nonmoving party and draw all

---

[3] Def.'s Mot. for Summ. J. Ex. 8.

-3-

inferences in that party's favor." *Abramson v. William Paterson College of New Jersey*, 260 F.3d 265, 276 (3d Cir. 2001).

In this case, the Complaint is one brought under § 362(k) for an intentional violation of the automatic stay. Section 362(k) reads:

> (k)(1) Except as provided in paragraph (2) [inapplicable herein], an individual injured by any *willful* violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages. (emphasis added)

A "willful" violation is a condition precedent to receiving damages under §362(k). "It is a willful violation of the automatic stay when a creditor violates the stay with knowledge that the bankruptcy petition has been filed." *In re Lansdale Family Restaurants, Inc.*, 977 F.2d 826, 829 (3d Cir 1992), citing *In re University Medical Center,* 973 F.2d 1065,1087-88 (3d Cir. 1992). It is the Defendant's position that even construing the facts in a light most favorable to the Debtor/Plaintiff, the Court cannot find a willful violation.

**Geninue Issues of Material Fact**

There are outstanding issues of material fact regarding when the Defendant received notice of the pendency of the Debtor's bankruptcy. Viewing the facts in a light most favorable to the Plaintiff/Debtor, it is possible that the Debtor's version of the facts, that the July 31, 2007, fax was the second notice sent by Debtor's counsel to the Sheriff's Office, could be correct. Furthermore, there is a genuine issue of material fact regarding whether the Defendant's actions in pursuing the ejectment action on August 8, 2007, constituted a willful violation of the stay. Lastly, there is a genuine issue of material fact as to whether an address provided by a credit reporting agency is a proper address for purposes of service of process on a creditor. Therefore, given the outstanding genuine issues of material fact, the Defendant's Motion for Summary

-4-

Judgment is denied. An Order will be entered consistent with the foregoing Opinion.

Date: March 12, 2008

Robert N. Opel, II, Bankruptcy Judge (BI)

*This opinion is electronically signed and filed on the same date.*